SCHWANDT v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos. 9051 & 9052.   Decided Dec. 24, 1928

M. J. Firestone, Cleveland, for Schwandt.
Leo Weil, Cleveland, for city.

VICKERY, J.

These cases have been heard before and the court being advised of the circumstances held that the two cases charged but one offense and only one punishment should be allowed and, therefore, reversed the judgment in the careless driving case, No. 9051, because it was taken care of in the case of driving while intoxicated; and in the instant case the same entry will be made: in the careless driving case the judgment will be reversed and the defendant discharged, because of being punished in the case of driving while intoxicated.

In case No. 9052 we think the record sustains the judgment of the court below and it simply resolves itself into a question of the weight of the evidence. The party admits that he was intoxicated but he claims he was not driving the car. His claim is he was too intoxicated to drive a car and, therefore, he got a friend who, when the accident occurred disappeared from the scene. The defendant admits that he was the owner of the car and was the only man in the car after the accident. He was sitting on the right side of the car and not in the driver's seat, but it would not be a great stretch of the imagination to think of him shifting from the left to the right side of the car and when he testifies it was driven by a friend who does not appear in any way, nor was seen upon the ground, one cannot blame the court below for not putting much credence in that testimony.

Besides, there is the testimony of the police officers to the effect that he admitted he was driving the car, and there is abundant evidence from the officers that he was intoxicated when taken to police headquarters.

The judgment is fully warranted by the evidence and will, therefore, be affirmed.

Sullivan, PJ, and Levine, J, concur.